UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROYAL TYLER, JR                            CIVIL ACTION NO. 22-cv-1000

VERSUS                                     JUDGE TERRY A. DOUGHTY

GROGREEN SOLUTIONS GEORGIA, LLC,           MAGISTRATE JUDGE HORNSBY
ET AL

**MEMORANDUM ORDER**

Royal Tyler, Jr. ("Plaintiff") filed this civil action in state court against three entities and an individual. One of the entities, GroGreen Solutions Georgia, LLC, removed the case based on an assertion of diversity jurisdiction, which placed the burden on GroGreen to allege with specificity facts supporting the required amount in controversy and the citizenship of the parties. The notice of removal appears to meet those requirements with the exception of the citizenship of defendant Profile Product, LLC.

The notice of removal states that Profile Product, LLC has one member, PP Intermediate, LLC. PP has one member, which is PP Parent, LLC. The members of PP Parent are identified as three separate LLCs. The notice of removal does not identify the members of those LLCs but does allege: "No members of [the three LLCs] are domiciled in or citizens of Louisiana."

The citizenship of an LLC is determined by the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid

Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

The general assertion that no members of three of the involved LLCs are citizens of Louisiana is not sufficient. The court requires specificity regarding all layers of ownership, even when there may be hundreds or thousands of them and their identities are difficult to determine. Moran v. Gulf South Pipeline Co., LP, 2007 WL 276196 (W.D. La. 2007) (collecting cases that required specificity of limited partners despite there being thousands of them or their interests being miniscule); Masion v. Liberty Mut. Ins. Co., 2006 WL 1675378 (W.D. La. 2006) (requiring specificity even though partnership shares were publicly traded and identities of owners changed often based on trades). See also Mullins, 300 Fed. Appx. 259, 260 (5th Cir. 2008) (party's stated belief that none of the entities had members and partners in Texas "falls manifestly short of distinctly and affirmatively alleging [a partnership's] citizenship").

GroGreen will be allowed until **May 6, 2022** to file an amended notice of removal and attempt to remedy the deficiencies discussed above. The court will review the record after that date and determine whether GroGreen has met its burden or whether remand may be required. If GroGreen determines that the ownership of the entities involved is too

complex to gather and present, which is sometimes the case, it should notify the court in writing, and the case will be remanded promptly.

Requiring such detailed information may seem like an imposition, but the court has an obligation to examine the basis of its subject-matter jurisdiction even if no party contests it. The parties also have an interest in determining early on whether the court has jurisdiction, so as to avoid wasting time and resources in an improper court. The Fifth Circuit also examines such issues on its own, and parties that have won before the district court have seen cases dismissed or remanded when they did not ensure that their district court pleadings included specific information about the citizenship of each party. See, e.g., Howery v. Allstate Ins. Co., 243 F.3d 912 (5th Cir. 2001); Mullins v. TestAmerica, Inc., 300 Fed. Appx. 259 (5th Cir. 2008); and Bank of America, N.A. v. Fulcrum Enterprises, LLC, 642 Fed. Appx. 334 (5th Cir. 2016). This court has also seen a number of cases where diversity was asserted based on general claims that all members or partners in an entity were diverse, but jurisdiction evaporated when the court pressed for specificity and non-diverse members were identified. Accordingly, GroGreen must amend its notice of removal to comply with the rules set forth above.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of April, 2022.



Mark L. Hornsby
U.S. Magistrate Judge